PEOPLE *v.* BLOM.

MUNICIPAL CORPORATIONS — LIQUOR LICENSE — ORDINANCE — VALIDITY.

An ordinance adopted by a city of 8,000 inhabitants, pursuant to authority in the charter to regulate saloons, requiring applicants for a saloon license to pay into the city treasury a license fee of not less than $300 nor more than $500, to furnish a certificate of good character from six reputable citizens, and to give a bond of $2,000, and restricting the saloon district to specified streets, is a valid ordinance.

Error to Ottawa; Padgham, J. Submitted February 9, 1899. Decided April 18, 1899.

Cornelius Blom, Sr., was convicted of violating a city ordinance relating to the sale of intoxicating liquors. Affirmed.

*McKnight & McKnight*, for appellant.

*George E. Kollen*, for the people.

MOORE, J. The respondent is a saloon-keeper, whose sole and only business is selling intoxicating liquors at retail in the city of Holland. He paid the state tax to the

county treasurer, and filed the bond required by the state law. The city of Holland, by ordinance, requires a person, before engaging in the business of keeping a saloon, to pay a tax of $300, and to comply with certain other conditions. The respondent refused to pay this tax. He was convicted of a violation of the ordinance, and has brought the case here for review.

The authority for the passage of the ordinance is in title 7 of the charter. Section 1 of this title reads as follows:

"The city of Holland, in addition to such other powers as are conferred by this act, shall have the following general powers and authority, and the common council of said city may enact, make, continue, establish, modify, amend, and repeal such ordinances, by-laws, and regulations in relation thereto, and for the exercise of the same, as they may deem desirable." Act No. 271, Local Acts 1893.

Subdivision 7 gives the council authority to prohibit and suppress ale, beer, and porter houses, and all places of resort for tippling and intemperance, and to punish the keepers thereof and all persons assisting in carrying on the business thereof. Subdivision 14 authorizes the council to regulate and license all taverns, hotels, and houses of public entertainment, all saloons, restaurants, and eating houses, and all places where tobacco, cigars, and any beverages are kept for sale. The ordinance itself is as follows:

"An Ordinance Relative to Saloons and Saloon-Keepers.
"*The city of Holland ordains:*
"Section 1. No person shall keep a saloon within the limits of the city without having first obtained from the common council a license therefor, in the manner hereinafter provided.
"Sec. 2. Every person desiring to keep a saloon within the city shall, before entering upon such business, make application in writing therefor to the common council, specifying the location of the building in which he intends to keep the same, which location shall be either on Eighth street between Land street and River street, or on River

street between Sixth street and Tenth street, and, in case of a firm, such application shall set forth the names of all the parties constituting such firm, which application shall also designate the persons proposed as sureties on the bond as hereinafter provided. Such application shall be accompanied by a recommendation signed by at least six reputable citizens, showing that the applicant is well known to them and is of good reputation.

"SEC. 3. After the granting of such application by the common council, and before issuing the license, the applicant shall pay into the city treasury such sum of money for said license as shall annually be fixed by resolution of the common council, and shall file the city treasurer's receipt therefor with the city clerk. Said sum of money shall not be less than $300, nor more than $500. Such applicant shall also, before such license is issued to him, execute a bond to the city of Holland in the sum of $2,000, with two sufficient sureties to be approved by the common council, conditioned that he shall keep and maintain an orderly and well-regulated saloon during the continuance of such license, and shall pay all fines and costs imposed upon him for the violation of any of the provisions of this ordinance."

The record shows that Holland is a city of about 8,000 people. It has, including defendant's saloon, eight saloons where liquor is sold. Its police force is maintained at an expense of about $1,000. It has had about the same number of saloons as now for several years. There is but one other saloon within 10 miles.

The respondent, in his brief, alleges five reasons why the ordinance in question is invalid, as follows:

1. It is unreasonable, oppressive, prohibitory, and in restraint of trade.

2. It usurps the functions that are exercised by the general laws of the State.

3. The ordinance attempts to collect revenue, instead of regulating and controlling the business.

4. The amount of the license fee is not definitely fixed by the ordinance.

5. The charter nowhere gives the city of Holland authority to license saloons where intoxicating liquors are sold.

The validity of ordinances of like character, and involving the same principles, is sustained in the following cases: *Kitson* v. *Mayor, etc., of Ann Arbor*, 26 Mich. 325; *Wolf* v. *City of Lansing*, 53 Mich. 367; *Sherlock* v. *Stuart*, 96 Mich. 193 (21 L. R. A. 580). See, also, *Adams* v. *Mayor, etc., of Somerville*, 2 Head, 363; *Smith* v. *Mayor, etc., of Knoxville*, 3 Head, 245; *Burch* v. *Mayor, etc., of Savannah*, 42 Ga. 596; *Harbaugh* v. *City of Monmouth*, 74 Ill. 367; 1 Dill. Mun. Corp. (4th Ed.) §§ 327, 328, and notes; 11 Am. & Eng. Enc. Law, 667, 668, and notes; *City of Grand Rapids* v. *Braudy*, 105 Mich. 670 (32 L. R. A. 116, 55 Am. St. Rep. 472); Black, Intox. Liq. §§ 31, 46.

Judgment is affirmed.

The other Justices concurred.