BUGAI *v.* RICKERT.

1. ANIMALS—DOGS—PROPERTY IN DOGS IS OF IMPERFECT OR QUALIFIED NATURE—POLICE POWER.

There is property in dogs, but of an imperfect or qualified nature, and they may be subjected to peculiar and drastic police regulations by the State without depriving their owners of any Federal right.

2. SAME—CONSTITUTIONAL LAW—STATUTES—DUE PROCESS—KILLING DOGS ENTERING ENCLOSURE.

1 Comp. Laws 1929, § 5263, providing that owner or tenant of any enclosure outside of incorporated city or his agent or servant may, without liability, kill any unaccompanied dog entering said enclosure, *held,* not unconstitutional as offending due process clause of State Constitution (article 2, § 16).

As to property rights in dogs, see annotation in 40 L. R. A. 503; 19 L. R. A. (N. S.) 835; 8 A. L. R. 77.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted April 8, 1932. (Docket No. 61, Calendar No. 36,113.) Decided June 6, 1932.

Case in justice's court by Joseph F. Bugai against Elmore Rickert for killing a dog. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*Arthur J. Butler,* for plaintiff.

*S. K. Riblet,* for defendant.

Clark, C. J. 1 Comp. Laws 1929, § 5263, provides in part:

"Any dog that enters any field or enclosure, outside of an incorporated city, unaccompanied by his owner or his owner's agent, shall constitute a private nuisance and the owner or tenant of such field or other enclosure, or his agent or servant, may kill such dog while it is in the field or other enclosure without liability for such killing."

Defendant shot and killed plaintiff's dog under precisely the circumstances set forth in the statute. Plaintiff brought suit. Defendant prevailed. Plaintiff has appealed, presenting the question that the statute offends the due process clause of the State Constitution, section 16, article 2.

There is property in dogs (*Ten Hopen* v. *Walker,* 96 Mich. 236 [35 Am. St. Rep. 598]), but of an imperfect or qualified nature (*Finley* v. *Barker,* 219 Mich. 442), "and they may be subjected to peculiar and drastic police regulations by the State without depriving their owners of any Federal right" (*Nicchia* v. *New York,* 254 U. S. 228 [41 Sup. Ct. 103,

13 A. L. R. 826]). In *Sentell* v. *Railroad Co.,* 166 U. S. 698 (17 Sup. Ct. 693), quoted with approval in *Finley* v. *Barker, supra,* it was said that dogs "have, from time immemorial, been considered as holding their lives at the will of the legislature and properly falling within the police powers of the several States." One drastic feature of the dog law, Act No. 339, Pub. Acts 1919 (Act No. 114, Pub. Acts 1927, section added), was somewhat modified in *Finley* v. *Barker, supra,* but what was there said applies only to killing by public officers of dogs running at large and takes nothing from the statute first above quoted, which is held constitutional as against objection urged. Many like statutory provisions have been considered and upheld, as will be seen by reading cases reviewed in *Sentell* v. *Railroad Co., supra.* As there set forth, the reason for these police regulations is that, while some dogs are justly regarded for admirable qualities, others are dangerous, mischievous, little better than a public nuisance, and all are subject to attacks of hydrophobic madness, and as—

"It is practically impossible by statute to distinguish between the different breeds, or between the valuable and the worthless, such legislation as has been enacted upon the subject, though nominally including the whole canine race, is really directed against the latter class, and is based upon the theory that the owner of a really valuable dog will feel sufficient interest in him to comply with any reasonable regulation designed to distinguish him from the common herd." *Sentell* v. *Railroad Co., supra.*

And from 3 C. J. p. 18:

"Whether the property in dogs is regarded as qualified or absolute, they are subject to the police

power of the State, and may be destroyed or otherwise dealt with, as in the judgment of the legislature is necessary for the protection of its citizens.''

No other question requires discussion.
Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.