CASCO TOWNSHIP *v.* BRAME TRUCKING COMPANY, INC.

1. MUNICIPAL CORPORATIONS—REGULATORY ORDINANCE—ZONING ORDINANCE—SOIL REMOVAL LICENSE.

   Soil removal ordinance which required a license for removal of sand was a regulatory, not a zoning, ordinance where the ordinance purported to protect the public health, safety, and general welfare of the township's residents and their property (MCLA § 41.181).

2. MUNICIPAL CORPORATIONS—REGULATORY ORDINANCE—RIGHTS OF NONCONFORMING USERS.

   A regulatory ordinance, unlike a zoning ordinance, is not subject to the rights of those having nonconforming uses at the time the ordinance became effective; however, a regulatory ordinance must be reasonable and not confiscatory (MCLA § 41.181)

3. MUNICIPAL CORPORATIONS — REGULATORY ORDINANCE — NONCONFORMING USES — REASONABLENESS.

   A regulatory ordinance is not unreasonable or confiscatory because it makes no provision for existing nonconforming uses (MCLA § 41.181).

Appeal from St. Clair County, Halford I. Streeter, J.   Submitted Division 2 April 1, 1971, at Grand

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 343 *et seq.*

[2, 3] 58 Am Jur, Zoning § 146 *et seq.*

Rapids.   (Docket No. 10078.)   Decided June 23, 1971.

Complaint by Casco Township against E. Brame Trucking Co., Inc., for failure to comply with soil removal license ordinance.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*Davidson, Staiger & Staiger,* for plaintiff.

*Perica, Breithart & Carmody,* for defendant.

Before: HOLBROOK, P. J., and BRONSON and O'HARA,* JJ.

HOLBROOK, P. J.   The facts in this case have been stipulated in the trial court and in this Court as follows:

"That the defendant purchased the property in question on July 6, 1964.

"That prior to defendant's purchase, defendant's predecessors in title intermittently excavated quantities of sand from said property.

"That since defendant's purchase in July of 1964, defendant has periodically removed sand on a commercial basis.

"That at the time defendant purchased said property and commenced removing sand, plaintiff township had no ordinance regulating the removal of sand.

"That plaintiff's soil removal ordinance was adopted on May 6, 1968 and is presently in effect.

"That defendant has not caused to be filed its application and supporting data in accordance with section 4 of said soil removal ordinance.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"That defendant does not now possess and at no time has possessed a permit to remove said sand as required by the ordinance.

"That at the time defendant purchased said property its intention was and still is to excavate three lakes upon the property by the removal of sand and for the future to develop said lakes for the development of a residential area.

"That defendant's property is described as:

"Land in the Township of Casco, St. Clair County, Michigan, to-wit: The east 31.90 acres of the west 70.03 acres of the northwest fractional quarter, Section 18, Town 4 North, Range 15 East, containing 32 acres more or less."

The issues raised before the trial court by the defendant were:

(1) Is the township's soil removal ordinance a regulatory ordinance in which a prior user of land can gain no rights as a nonconforming user, or is the ordinance more nearly a zoning ordinance in which laws as to nonconforming user apply?

(2) If the court finds that the ordinance in fact operates as a zoning ordinance as to the defendant, is the defendant a nonconforming user?

(3) If the court finds defendant is a nonconforming user, should it be permitted to continue the excavation of the tract as it has indicated its intentions are in the stipulated facts?

Plaintiff stated the only issue before the trial court as follows:

Is the Casco Township soil removal ordinance subject to that portion of the township rural zoning act pertaining to nonconforming users?

The trial court determined in its written opinion as follows:

"The court has carefully studied the stipulated facts and the briefs of counsel. The court does con-

strue the Casco Township soil removal ordinance as a regulatory licensing ordinance and not a zoning ordinance. The defendant will, therefore, have to comply with the provisions of the ordinance including the obtaining of a permit."

The only issue properly before this Court on appeal is the first issue raised and determined in the trial court, *viz.*: Is the township's soil removal ordinance a regulatory ordinance in which a prior user of land can gain no rights as a nonconforming user, or is the ordinance more nearly a zoning ordinance in which laws as to nonconforming user apply? The other issues raised by defendant are not properly before this Court for the reason that they were not considered and determined by the trial court.

Defendant asserts that it is a valid, nonconforming user of sand from the parcel of land in question and that nonconforming mining operations may be continued on a basis to be determined by court order. *Fredal* v. *Forster* (1967), 9 Mich App 215. Defendant further asserts that the proper ruling for the trial court to have made would have been to rule that defendant had a right to continue its use of the land unrestrained by the soil removal ordinance and to order testimony to determine proper, reasonable restrictions on defendant's operations. *Fredal* v. *Forster, supra.*

The ordinance in question was passed under the authority given to townships by MCLA § 41.181 (Stat Ann 1961 Rev § 5.45[1]), in part as follows:

"The township board of any township may, at any regular or special meeting by a majority of the members elect of such township board, adopt ordinances regulating the public health, safety and general welfare of persons and property therein, fire protection, the licensing or use of bicycles, traffic and parking

of vehicles, sidewalk maintenance and repairs, the licensing and regulating of hawkers, vendors, peddlers and solicitors, and provide penalties for the violation thereof, and shall enforce the same and may for that purpose employ and establish a police department with full power and authority to enforce all local township ordinances, or may by resolution appropriate funds and call upon the sheriff of the county in which the township is located to provide special police protection for the township."

The subject soil removal ordinance purports to be an ordinance in the nature of protecting the public health, safety and general welfare of the persons and property of the township and as such was properly termed by the trial court as a regulatory ordinance under the quoted statute. The instant appeal requires this Court to determine if a regulatory ordinance is subject to the same infirmity of enforcement as the zoning ordinance where there is a nonconforming user.

The case of *Fredal* v. *Forster, supra,* upon which defendant relies dealt with a zoning ordinance and not a regulatory ordinance. On pp 229, 230 it is stated in part as follows:

"Since townships have no police power of their own, they may exercise such power only by virtue of grant by the state. In the case of *zoning,* the power is extended through state zoning enabling acts, and in this case by the rural township zoning enabling act. CL 1948, § 125.271 *et seq.* (Stat Ann 1958 Rev § 5.2963[1] *et seq.*). Built upon the Federal and state Constitutions as a point beyond which the statute may not authorize, the Legislature must decide which interest is to give way for the greater good of all. Insofar as the present controversy is concerned, the Legislature has provided that:

" 'The lawful use of any dwelling, building or structure and of any land or premise as existing and

lawful at the time of enactment of a *zoning ordinance* * * * may be continued although such use does not conform with the provisions of such ordinance or amendment.' " (Emphasis supplied.)

The grant of zoning power from the state to townships is made subject to the rights of those having nonconforming uses at the time the zoning ordinance is placed in effect. Not so with the regulatory ordinance in question which is authorized under another grant of power from the state to the townships. MCLA § 41.181 (Stat Ann 1961 Rev § 5.45[1]). Such regulatory ordinances must be reasonable and not confiscatory. Such power is not encumbered by a nonconforming use provision.

This Court has confined itself to the one issue stated herein, and does not rule on the reasonableness of the ordinance or whether or not it establishes a standard for guidance of the officials who pass upon applications for a license thereunder. These issues shall remain justiciable in a proper action.

Affirmed, subject to the provisions stated. No costs, a public question being involved.

All concurred.