FLORENTINE RISTORANTE, INC. v CITY OF GRANDVILLE

Docket No. 77-5093. Submitted December 5, 1978, at Grand Rapids.— Decided February 20, 1979. Leave to appeal denied, 406 Mich 963.

Plaintiff Florentine Ristorante, Inc., operates a restaurant in the City of Grandville having a tavern license issued by the Michigan Liquor Control Commission which allows plaintiff to sell beer and wine, beginning at noon on Sundays, for consumption off the premises. However, pursuant to the terms of a Grandville city ordinance, the plaintiff may not serve beer and wine for consumption on the premises on Sunday. Plaintiff, therefore, brought an action for declaratory relief seeking to have the ordinance held unconstitutional and void, thereby allowing plaintiff to sell beer and wine for consumption on or off the premises on Sunday. The Kent Circuit Court, John T. Letts, J., found the ordinance valid and enforceable and signed an order to that effect. Plaintiff appeals, alleging that the city ordinance goes beyond the authority conferred upon the city by state statute and that the trial court erred in holding the ordinance did not violate due process or equal protection under the United States and Michigan Constitutions. *Held:*

1. The Grandville City Ordinance in question does not conflict with the Liquor Control Act and is not in excess of the powers granted thereunder.

2. The Liquor Control Act confers upon cities the power to prohibit Sunday sales of beer and wine for consumption on the premises while permitting beer and wine sales for off-premises consumption.

3. The Grandville ordinance does not violate plaintiff's rights to due process and equal protection of the laws since the

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquors §§ 27, 279.
[2] 73 Am Jur 2d, Statutes §§ 145-148, 206.
[3] 45 Am Jur 2d, Intoxicating Liquors § 33.
[4] 73 Am Jur 2d, Statutes § 265.
[5] 45 Am Jur 2d, Intoxicating Liquors § 279.
[6, 8] 16 Am Jur 2d, Constitutional Law §§ 500, 501.
[7] 16 Am Jur 2d, Constitutional Law §§ 371, 372.

prohibition of on-premises consumption on Sunday is reasonably related to the public health, safety, morals or general welfare purpose of alleviating law enforcement problems attendant upon such consumption and there is a rational relationship between the ordinance and the legitimate municipal objective of alleviating such law enforcement problems; the classification is reasonable, based on substantial distinctions, and is germane to the purpose of the law.

Affirmed.

1. INTOXICATING LIQUORS — MUNICIPAL CORPORATIONS — LIQUOR CONTROL ACT — SUNDAY LIQUOR SALES — ON-PREMISES CONSUMPTION — STATUTES.

The Liquor Control Act confers upon municipalities the power to prohibit Sunday sales of beer and wine for consumption on the premises while permitting beer and wine sales for off-premises consumption (MCL 436.19e; MSA 18.990[5]).

2. STATUTES — CONSTRUCTION — LEGISLATURE'S PLAIN MEANING.

A cardinal rule of statutory construction provides that the Legislature is presumed to have intended the plain meaning of the words used by it.

3. INTOXICATING LIQUORS — MUNICIPAL CORPORATIONS — PROHIBIT — SUNDAY LIQUOR SALES — LESS THAN ABSOLUTE SALES BAN — STATUTES.

The plain meaning of the statutory term "prohibit" as used in the statute regarding the selling or furnishing of alcoholic liquor on Sunday authorizes the legislative body of a city, village, or township to impose a less than absolute ban on the sale of alcohol (MCL 436.19e; MSA 18.990[5]).

4. STATUTES — CONSTRUCTION — PROBABLE AND REASONABLE INTENTIONS — ALTERNATIVE INTERPRETATIONS.

A court must ascribe to the Legislature the most probable and reasonable intention when the court is confronted with alternative interpretations of a statute.

5. INTOXICATING LIQUORS — MUNICIPAL CORPORATIONS — SUNDAY LIQUOR SALES — CITY ORDINANCES — STATUTES.

A city ordinance which permits the sale of beer and wine beginning at noon on Sundays for consumption off the premises but prohibits all such Sunday sales for consumption on the premises does not conflict with the statute regarding the selling or furnishing of alcoholic liquor on Sunday and does not exceed the powers granted thereunder (MCL 436.19e; MSA 18.990[5]).

6. Constitutional Law — Equal Protection — Statutory Classifi-
   cation.

   A statutory classification or differentiation between similarly
   situated groups or persons must bear a reasonable relationship
   to a legitimate state purpose or be based upon a ground of
   difference having a fair and substantial relation to a legitimate
   object of the legislation in order to satisfy equal protection
   requirements.

7. Constitutional Law — Due Process — Regulation of Business
   — Regulation of Occupation.

   A statute which regulates the right to do business or practice an
   occupation must bear a real and substantial relationship or at
   least a reasonable relation to the public health, safety, morals
   or general welfare in order to satisfy due process requirements.

8. Constitutional Law — Equal Protection — Statutes — Rea-
   sonable Classifications.

   Equal protection principles do not prevent a reasonable classifica-
   tion by legislative enactment if that enactment applies to all
   persons within such class and reasonable grounds exist for
   making the distinction between those who fall within such class
   and those who do not.

*Mohney, Goodrich & Titta, P.C.* (by *Richard J. Quist),* for plaintiff.

*Varnum, Riddering, Wierengo & Christenson,* for defendant.

Before: T. M. Burns, P.J., and M. J. Kelly and D. F. Walsh, JJ.

M. J. Kelly, J. Plaintiff appeals a decision of the Kent County Circuit Court upholding a City of Grandville ordinance which prohibits the sale. of beer and wine for consumption on the premises on Sunday.

Plaintiff operates a restaurant in the City of Grandville and has a tavern license issued by the Michigan Liquor Control Commission which allows plaintiff to sell beer and wine, beginning at noon

on Sundays, for consumption off the premises. However, pursuant to the terms of § 12 of Grandville City Ordinance No. 133-B, plaintiff may not serve beer and wine for consumption on the premises at all on Sunday. Plaintiff brought the present action for declaratory relief seeking to have the ordinance held unconstitutional and void, thereby allowing plaintiff to sell beer and wine for consumption on or off the premises on Sunday.

A hearing was held on December 1, 1977, in Kent County Circuit Court. The trial court found the ordinance valid and enforceable and signed an order to that effect on December 15, 1977. It is from this judgment that plaintiff appeals as of right. Two issues are presented.

I

*Did the trial court err in holding that § 12 of Ordinance No. 133-B of the City of Grandville is not beyond the authority conferred upon that city by MCL 436.19e; MSA 18.990(5) of the Liquor Control Act to control the liquor traffic in Grandville?*

The Michigan Constitution of 1963 gives the Michigan Legislature the authority to delegate complete control of the state's alcoholic beverage traffic to a liquor control commission subject to statutory regulation.[1] Pursuant to this authority, the Legislature gave complete control of such traffic in Michigan to the Michigan Liquor Control Commission when it enacted MCL 436.1 *et seq.; MSA 18.971 et seq.*

The Michigan statute in question, MCL 436.19e; MSA 18.990(5) provides in relevant part:

---

[1] Const 1963, art 4, § 40.

"(3) A licensee enumerated under section 19 or any other person shall not sell at retail, and a person shall not knowingly and willfully buy, alcoholic liquor between the hours of 9 p.m. on December 24 and 7 a.m. on December 26. When December 26 falls on Sunday, the hours of closing shall be determined pursuant to this act. *The legislative body of a city, village, or township, by resolution or ordinance, may prohibit the sale of alcoholic liquor on Sunday or a legal holiday, primary election day, general election day, or municipal election day.*" *(Emphasis supplied.)*

Section 12 of Ordinance No. 133-B of the City of Grandville, which is being challenged in the present case, provides as follows:

"No spirits shall be sold on any Sunday between the hours of 2:00 o'clock a.m. and 12:00 o'clock midnight * * *. *No beer and wine shall be sold after 2:00 o'clock a.m. on Sunday for consumption on the licensee's premises, nor be sold on Sunday for consumption off the licensee's premises between the hours of 2:00 o'clock a.m. and 12:00 o'clock noon.*" *(Emphasis supplied.)*

The issue here is whether the City of Grandville has the authority to prohibit the sale and consumption of beer and wine *on* plaintiff's business premises on Sunday, while allowing the sale of beer and wine on Sunday after 12 o'clock noon for consumption *off* plaintiff's business premises.

Plaintiff argues that the language in MCL 436.19e; MSA 18.990(5) permits the city to either prohibit all Sunday sales of alcoholic liquor or to do nothing, and thereby permit all sales on Sunday. It is argued that Grandville is statutorily permitted to prohibit the sale of alcoholic beverages on Sunday, but is not statutorily permitted to ban some sales and allow others; that is, the authority to prohibit does not include the authority to impose less than an absolute ban. The defendant, on the other hand, asserts that the traditional rules of statutory construction, as supplemented by legislative history, indicates that the language of MCL 436.1 *et seq.;* MSA 18.971 *et seq.,* confers upon cities the power

to prohibit Sunday sales of beer and wine for consumption on the premises while permitting beer and wine sales for off-premises consumption. We agree with defendant's argument for two reasons.

First, it is a cardinal rule of statutory construction that the Legislature is presumed to have intended the plain meaning of the words used by it. *Gordon Grossman Building Co v Elliott,* 382 Mich 596, 603; 171 NW2d 441 (1969), *Threet v Pinkston,* 20 Mich App 39, 41; 173 NW2d 731 (1969), *Bullard v Mult-A-Frame Co,* 33 Mich App 678, 683; 190 NW2d 559 (1971). The word "prohibit" does have a plain meaning; 34 Words and Phrases, Prohibit, p 459 says:

"A general power to prohibit the sale of liquor is sufficient to authorize any partial prohibition deemed advisable. *Gunnarssohn v City of Sterling,* 92 Ill 569, 573 [1879]."

"According to the doctrine that the greater includes the less, a power to prohibit the manufacture and sale of intoxicating liquors includes the power to prohibit such manufacture and sale unless certain rules are complied with. *Cantini v Tillman,* 54 F 969, 974 [D SC, 1893]."

See also, 45 Am Jur 2d, Intoxicating Liquors, § 22, p 501.

We think the holding in *People v Blom,* 120 Mich 45; 78 NW 1015 (1899), is particularly appropriate here, for it rejects the very argument advanced by plaintiff that authority to prohibit does not include authority to impose less than an absolute ban. In *Blom,* the defendant had been convicted of violating a Holland, Michigan ordinance by selling liquor without a license from the city, although he had paid the requisite state taxes and furnished the bond required by state law. The Holland Charter authorized the city council to "prohibit and suppress * * * all places of resort for tippling and intemperance". However, rather

than forbidding sales of liquor, the city council adopted an ordinance requiring saloons to be licensed and limiting the areas in town where they could operate. In short, the ordinance banned some sales but allowed others on the basis of geography. On appeal, defendant claimed that the city charter did not authorize the licensing of saloons, only their prohibition. By sustaining defendant's conviction, the Supreme Court necessarily rejected that argument and impliedly held that authority to "prohibit and prevent" includes the authority to do something less.

Thus, the "plain meaning" of the statutory term "prohibit" as used in MCL 436.19e; MSA 18.990(5) authorizes Grandville to impose a less than absolute ban on the sale of alcohol.

Secondly, we are convinced that the legislative history underlying § 19e supports this conclusion. Whenever a court is confronted with alternative interpretations of a statute, it must ascribe to the Legislature "the most probable and reasonable intention". *Board of Education of Oakland Schools v Superintendent of Public Instruction,* 392 Mich 613, 619; 221 NW2d 345 (1974), *Collins v Secretary of State,* 384 Mich 656, 666; 187 NW2d 423 (1971). Originally, the pertinent portion of § 19e read:

"The legislative body of any city, village or township may, by resolution or ordinance, prohibit the sale of alcoholic liquor for consumption *on the premises* on any Sunday * * *." 1933 (Ex Sess PA 8, § 19(19), and 1937 PA 281, § 19(18). (Emphasis supplied.)

This statute was submitted to the Attorney General for interpretation because some municipalities had adopted ordinances banning all Sunday sales of alcohol for consumption on, as well as off, the premises. It was his opinion that under the lan-

guage of § 19e local legislative bodies were without power to prohibit the sale of alcohol for consumption *off the premises* on Sunday, but that they could prohibit the sale of all alcohol for consumption on the premises. OAG, 1945-1946, No 0-2350, p 11 (July 14, 1944). A year later, the language giving local legislative bodies only the power to prohibit the Sunday sale of alcohol for consumption on the premises was deleted from the statute and the act was amended to its present form authorizing the general prohibition of the sale of alcohol for consumption on Sunday.

It cannot be assumed from this amendment that the Michigan Legislature intended to bestow upon local legislatures only the power to prohibit all Sunday liquor sales and not the power to allow some while prohibiting others. See 48 CJS, Intoxicating Liquors, § 50, pp 187-188. There is no indication that the Legislature's intent was to so severely limit local legislative bodies. Rather, it is more probable and reasonable to assume that, because the amendment deleted the "on the premises" limitation on local authority to regulate liquor sales, the Legislature intended to give municipalities additional flexibility to enact legislation to deal with the needs of the particular municipality within the framework of the Michigan Liquor Control Act.

This interpretation of § 19e, that the subsequent amendment expands the authority of municipalities to ban all Sunday sales while retaining preexisting authority to prohibit some sales, overcomes the defect brought to light by the Attorney General's opinion without substantially changing the scope of the statute. We hold, therefore, that § 12 of Ordinance No. 133-B of the City of Grandville does not conflict with § 19e of the Liquor

Control Act and is not in excess of the powers granted thereunder.

## II

*Did the trial court err in holding that § 12 of Ordinance No. 133-B of the City of Grandville does not violate the due process and equal protection clauses of the United States and Michigan Constitutions?*

Plaintiff's constitutional attack on the ordinance is twofold: first, plaintiff asserts that under a due process analysis the ordinance in question bears no real or substantial relationship to the public health, safety, morals or general welfare; secondly, it is submitted that under the equal protection analysis the ordinance differentiating between sales for consumption on the premises and those off the premises bears no rational relationship to a legitimate city purpose.

The applicable constitutional tests as to equal protection and due process claims were restated in the case of *People v McDonald,* 67 Mich App 64, 71-72; 240 NW2d 268 (1976):

"Under an equal protection analysis the statutory classification or differentiation between similarly situated groups or persons must bear a rational relationship to a legitimate state purpose or be based upon a ground of difference having a fair and substantial relation to a legitimate object of the legislation. *Weber v Aetna Casualty & Surety Co,* 406 US 164; 92 S Ct 1400; 31 L Ed 2d 768 (1972), *Reed v Reed,* 404 US 71; 92 S Ct 251; 30 L Ed 2d 225 (1971). Under a due process analysis the statute, as an exercise of the police power regulating the constitutional right to do business or practice an occupation, must bear a real and substantial relationship (or at least a reasonable relation) to the public health, safety, morals or general welfare.

*Grocers Dairy Co v Department of Agriculture Director,*
377 Mich 71; 138 NW2d 767 (1966)."

The critical question here is whether the Grand-
ville ordinance restricting the on-premises Sunday
sale of beer and wine is rationally related to a
legitimate municipal objective (equal protection
analysis) or reasonably related to the public
health, safety, morals or general welfare (due proc-
ess analysis).

As to plaintiff's due process claim, we are in
agreement with the holding and rationale of the
lower court opinion which states:

"In the opinion of this court it is not difficult to
conceive of a state of facts which sustain the reasona-
bleness of an ordinance which prohibits Sunday sales of
liquor for consumption on the premises while allowing
Sunday sales after noon for consumption off the prem-
ises. Brawls are indigenous to the serving of liquor in
taverns and public places more so than in an individu-
al's home and police protection on a Sunday has always
been a limited procedure for all police departments
wherever situated. The court need not elaborate on this
statement since it denotes that a breach of the peace is
more apt to occur among strangers congregated in a
restaurant or tavern than inside one's own home.
Surely the health, safety, morals and general welfare
are pregnant issues wherever liquor is served."

Turning to plaintiff's equal protection claim, we
think the same basis for a reasonable relationship
between the Grandville ordinance and public
health, safety, morals or general welfare also
serves to establish a rational relationship between
the ordinance and a legitimate municipal objec-
tive. We find a rational relationship between an
ordinance which prohibits on-premises liquor con-
sumption on Sunday and the legitimate municipal

objective of alleviating the law enforcement problems attendant upon such consumption. The trial court, in this regard, adopted the defendant's argument, which states:

"First, to allow liquor to be consumed on the premises where purchased is to allow the consumption of liquor in public to be seen by all. Consumption limited to off the premises allows those who wish to drink to do so, but steers such consumption to places where it is less likely to be seen by others. Typically, Sunday is the day families with children 'go out to dinner.' Consumption of alcohol on the premises of restaurants exposes young children out with their families to drinking. During the week, young children are less likely to frequent restaurants and, therefore, less likely to be exposed to others drinking alcohol. Surely, it is proper to shield young children from the habit of alcohol in their most impressionable years when drinking is equated with maturity.

"Second, drinking on the premises means that the drinker must travel the public streets to get home. One who buys to drink off the premises is more likely already home when he consumes his purchase. On Sundays, with the roads filled with families [and with fewer police patrolling them], it is reasonable to strive to reduce the number of drivers driving after a drink or two—or more."

Equal protection principles do not prevent a reasonable classification by legislative enactment if that enactment applies alike to all persons within such class and reasonable grounds exist for making the distinction between those who fall within such class and those who do not. *People v Palazzolo,* 62 Mich App 140, 146; 233 NW2d 216 (1975). For the reasons cited above, we find the classification here to be reasonable, based on substantial distinctions, and germane to the purpose of the law.

Therefore, we hold that the Grandville ordinance does not violate plaintiff's rights to due process and equal protection of the laws.

Affirmed