PEOPLE v YEO

Docket No. 46631. Submitted October 20, 1980, at Detroit.—Decided February 3, 1981. Leave to appeal applied for.

Florence M. Yeo appeals by leave granted a decision of the Wayne Circuit Court, Roland L. Olzark, J., which affirmed her conviction in the 17th District Court for violating a Redford Township ordinance which prohibits keeping more than two dogs over the age of 6 months without having a kennel license. Also prohibited are kennels in districts zoned R-1, R-2 and R-1-F. Defendant was sentenced by the district court, Robert F. Brang, J., to one year's probation and assessed court costs of $80. Defendant contends on appeal that the district court erred by refusing to dismiss the charge upon motion and allegation by defendant that the ordinance constitutes an arbitrary and unreasonable use of the township's police power by imposing a regulation on property use not related to the public health, safety, morals or general welfare. Defendant also contends that the prosecution should have been barred from charging defendant with violating the ordinance, due to its failure to commence criminal proceedings within the two-year statute of limitations. Third, defendant argues that the prosecution failed to present evidence sufficient to establish that the dogs on the premises were six months of age or over. Defendant's final argument is that the trial court improperly admitted evidence of prior bad acts of the defendant. *Held:*

1. The ordinance is not unreasonable in light of the potential detriment to the public health, safety and general welfare

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law § 397.
  56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 437.
[2] 16A Am Jur 2d, Constitutional Law § 360 *et seq.*
[3] 16 Am Jur 2d (Rev), Constitutional Law §§ 52-54, 212-218.
  73 Am Jur 2d, Statutes §§ 103, 123.
[4] 82 Am Jur 2d, Zoning and Planning § 253.
[5] 29 Am Jur 2d, Evidence § 298 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error §§ 778, 779, 798.

resulting from an overabundance of dogs in certain residential areas.

2. The general rule is that a zoning authority will not be estopped from enforcing its zoning ordinances absent exceptional circumstances. There are no exceptional equities favoring defendant here save the mere passage of time.

3. Testimony of two witnesses at trial included descriptions of the same dogs' presence at defendant's residence for at least three years. There was no error in finding the dogs to be of sufficient age.

4. An improper foundation was established for admission of the prior bad acts evidence. However, this error was harmless.

Affirmed.

1. CONSTITUTIONAL LAW — USE OF PROPERTY — DUE PROCESS — POLICE POWERS.

The full and free use and enjoyment of one's property is a right which may not be restricted by government without due process of law; however, a property owner's right to such unrestricted use is subject to reasonable regulation by the state in the legitimate exercise of its police powers.

2. CONSTITUTIONAL LAW — POLICE POWERS — PUBLIC HEALTH, SAFETY, MORALS AND GENERAL WELFARE.

The test of legitimacy of a particular government proscription is the existence of a real and substantial relationship between the exercise of the government's police powers and the public health, safety, morals and general welfare.

3. CONSTITUTIONAL LAW — LEGISLATIVE ENACTMENTS — PRESUMPTION OF VALIDITY.

Legislative enactments are cloaked with a presumption of constitutionality absent a contrary showing by competent evidence or facial invalidity.

4. ZONING — ZONING ORDINANCES — ESTOPPEL.

A zoning authority will not be estopped from enforcing its zoning ordinances absent exceptional circumstances.

5. EVIDENCE — SIMILAR ACTS EVIDENCE — CRIMINAL LAW.

Evidence of similar acts, to be admissible, requires the following foundation: (1) substantial evidence that the defendant actually perpetrated the bad act; (2) the bad act must be probative of defendant's motive, intent, absence of mistake, design, scheme, plan or system in committing the charged offense; and (3) the

evidence must be material to the determination of defendant's guilt of the charged offense.

6. APPEAL — CRIMINAL LAW — HARMLESS ERROR.

    The test for harmless error involves a dual inquiry as to whether the error was so offensive to the maintenance of a sound judicial system as to require reversal of a conviction and, if not, whether the error was harmless beyond a reasonable doubt.

*Cummings, McClorey, Davis & Acho, P.C.,* for plaintiff.

*Richard P. McClure,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

M. J. KELLY, J. Defendant, Florence M. Yeo, by leave granted, appeals a decision of the Wayne County Circuit Court which affirmed her district court conviction for violating Redford Township Ordinance No. 150, § 3-301. On November 13, 1978, the district court found that defendant had kept 11 dogs in and around her home for a period exceeding six months in violation of the following provisions:

"No person shall establish a dog kennel in this township without first obtaining a kennel license, such license to be issued for a term commencing on the date of issuance and terminating on June 1st thereafter. All persons owning, possessing, harboring or keeping on their premises three or more dogs, six months old or older, shall be presumed to have established a dog kennel. No such dog kennel shall be established in any R-1 or R-2 residential district or any R-1-F residential farm district, as prescribed by the zoning ordinance of this township."

Defendant was subsequently sentenced to one

---

* Circuit judge, sitting on the Court of Appeals by assignment.

year's probation and was assessed court costs amounting to $80.

Defendant first argues as error the district court's refusal to dismiss the charge upon motion and allegation that the ordinance constitutes an arbitrary and unreasonable use of the township's police power by imposing a regulation on property use not related to the public health, safety, morals or general welfare. This specific claim, relating to ordinances restricting the ownership or possession of dogs, is one of first impression in this state.

The full and free use and enjoyment of one's property is a right which may not be restricted by government without due process of law. A property owner's right to such unrestricted use is, however, subject to reasonable regulation by the state in the legitimate exercise of its police powers. *Roman Catholic Archbishop of Detroit v Village of Orchard Lake,* 333 Mich 389, 392; 53 NW2d 308 (1952). And to determine the validity of a particular government proscription, a test measuring "the existence of a real and substantial relationship" between the exercise of the police powers and the public health, safety, morals and general welfare will be applied. *Grocers Dairy Co v Dep't of Agriculture Director,* 377 Mich 71; 138 NW2d 767 (1966), quoting *Roman Catholic Archbishop of Detroit, supra.* See also *Florentine Ristorante, Inc v City of Grandville,* 88 Mich App 614; 278 NW2d 694 (1979). Finally, we note the oft-applied rule that legislative enactments are cloaked with a presumption of constitutionality absent a contrary showing by competent evidence or facial invalidity. *Portage Twp v Full Salvation Union,* 318 Mich 693; 29 NW2d 297 (1947), *Silva v Ada Twp,* 99 Mich App 601; 298 NW2d 838 (1980).

In *Bugai v Rickert,* 258 Mich 416; 242 NW 774

(1932), the Supreme Court recognized "an imperfect or qualified" property interest in dogs, but also held that such property interests may be subjected to more restrictive police regulations by the state without depriving the owners of their constitutional rights. *Bugai v Rickert, supra,* 417, citing *Nicchia v New York,* 254 US 228; 41 S Ct 103; 65 L Ed 235 (1920). The *Bugai* court further clarified the scope of the Legislature's power to regulate the canine by quoting 3 CJ, Animals, § 4, p 18:

"Whether the property in dogs is regarded as qualified or absolute, they are subject to the police power of the state, and may be destroyed or otherwise dealt with, as in the judgment of the legislature is necessary for the protection of its citizens."

See also *Simpson v City of Los Angeles,* 40 Cal 2d 271; 253 P2d 464 (1953).

In *State v Mueller,* 220 Wis 435, 440-441; 265 NW 103 (1936), the Wisconsin Supreme Court addressed an ordinance similar in intent to the Redford ordinance herein. The Court's discussion of the extent of the state's police power in this area is probative:

"* * * [I]t is generally recognized that: 'The police power of the state has been used to regulate and control property in dogs to a greater extent than property in any other class of domestic animals. It is a peculiar kind of property. Such animals increase rapidly; they are usually of but little expense to their owners when allowed to run at large; and in a domestic state they retain to a considerable degree their wild, mischievous, and ferocious natures.' * * *.

"It has become the established rule in regard to regulations restricting the number of dogs, as well as the number of other domestic animals, that may be

kept in a residential district defined therein, so as to prevent such keeping in undue proximity to neighboring residences, that: 'In furtherance of public health, security, and comfort of its inhabitants municipal corporations may regulate the keeping of animals within the corporate limits, or within designated districts of the corporation. * * * [T]he keeping of animals * * * within the designated districts thereof, may be prohibited when such keeping affects or disturbs the public health, public peace, public safety, or public decency; but only when it does so. *In regulating the keeping of animals a municipal corporation may limit the number of particular animals that may be kept within the municipal limits or within designated districts thereof.'* " (Emphasis added.)

See also *State v Beckert,* 137 NJL 562; 61 A2d 213 (1948), upholding against constitutional attack an ordinance prohibiting the ownership of "more than three dogs of licensing age" within a designated area.

We find the authorities cited above soundly reasoned regarding the validity of these restrictive ordinances.[1] Plaintiff correctly notes the impor-

---

[1] Defendant primarily relied upon *Hahn v City of Brooklyn,* 153 NE2d 359 (1958), as support for her position. The *Hahn* case was one arising in the Cuyahoga County, Ohio, Common Pleas Court, and involved the validity of an ordinance proscribing the keeping of fowl in designated residential areas. Plaintiff, a racing pigeon hobbyist, brought a declaratory judgment action to have the ordinance declared unconstitutional as bearing no reasonable relationship to the public health, safety, morals and general welfare, and as an arbitrary and unreasonable application to plaintiff who kept pigeons. The Ohio court agreed with plaintiff and held that the prohibition against the plaintiff was made without regard to the conditions and circumstances surrounding plaintiff's hobby. In the court's view, a municipality could not make something illegal by having the city council declare it to be detrimental.

The key to this dilemma, defendant argues, is the elimination of ordinances which unduly restrict the pet owner's property interest in a pet. Defendant contends that the instant ordinance is unreasonable, since most dog breeders are careful not to permit their animals to create unsanitary conditions or to disturb other persons. However, while the Ohio case lends support to defendant's claim, the case may be factually distinguished. The evidence submitted in the Ohio case

tance of the regulation herein to preserve for area residents the sanitary and peaceful enjoyment of their property, as well as assuring humane treatment for the animals covered. Defendant's argument that conscientious dog owners would not pose such problems to a residential community does not meet this conclusion. The township's limited incursion on defendant's already qualified property right does not appear unreasonable, in light of the potential detriment to the public health, safety and general welfare resulting from an overabundance of dogs in certain residential areas.

Defendant next alleges that the prosecution should have been barred from charging defendant for violating the ordinance, due to its failure to commence criminal proceedings within the two-year statute of limitations prescribed in MCL 66.6; MSA 5.1276.[2] Defendant admits a continuing violation extending over 18 years prior to the instant complaint, but argues that by virtue of this extended period a variance of the zoning ordinance by prescription was acquired.

As the reviewing circuit court properly noted in its opinion, there is no support in the law for acquisition of a variance by prescription. The general rule is that the zoning authority will not be

disclosed that the pigeons were not noisy or unclean. Contrary evidence was presented in the present case. The fact that the pigeons were not noisy, malodorous or otherwise causing a nuisance bore heavily upon the Ohio court's decision. The same cannot be said of the evidence presented herein.

[2] The statute provides:

"Prosecutions for violation of the village ordinances shall be commenced not more than 2 years after the commission of the offense, and shall be brought in the district court or municipal court in the judicial district in which the village is located. That court may hear, try, and determine all causes and actions arising under the ordinances of the village, and inflict punishment for violations of those ordinances as provided in the ordinances."

estopped from enforcing its zoning ordinances absent exceptional circumstances. *Twp of Pittsfield v Malcolm,* 375 Mich 135, 146; 134 NW2d 166 (1965). Clearly, there are no exceptional equities favoring defendant in the case at bar save the mere passage of time.

Defendant also alleges that the prosecution failed to present evidence sufficient to establish the third element of the offense: namely, that the dogs kept on the premises were six months of age or over. However, our review of the testimony leads to a contrary conclusion. The testimony of two witnesses at trial included descriptions of the same dogs' presence at defendant's residence for at least three years. There being no testimony to the contrary, the district court was not in error in finding the disputed dogs to be of sufficient age.

Defendant lastly contends that the trial court improperly admitted evidence of prior bad acts of the defendant, which allegedly constituted violations of noise and sanitary ordinances. Specifically, defendant complains of testimony regarding the noise and odors emanating from her home. The admissibility of such prior acts is presently governed by MRE 404(b):

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."

In *People v Worden,* 91 Mich App 666, 682; 284 NW2d 159 (1979), this Court imposed three stan-

dards to establish a foundation for similar acts evidence: (1) substantial evidence that defendant perpetrated the bad act, (2) that the bad act be probative of defendant's motive, intent, absence of mistake or design, scheme, plan or system in committing the charged offense, and (3) that the evidence be material to a finding of guilt for the charged offense. See also *People v Richard Johnson,* 99 Mich App 377; 297 NW2d 672 (1980).

Under the above analysis, we conclude that an improper foundation was established for admission of the disputed evidence. The testimony as to noises and odors was not material to the four factors establishing a violation of the ordinance: (1) possession (2) of three or more dogs (3) of six months age or greater (4) in one of the designated geographic areas. However, this conclusion does not end our inquiry. Any error in admitting such evidence must be more than mere harmless error.

In a recent case, *People v Wright (On Remand),* 99 Mich App 801; 298 NW2d 857 (1980), this Court restated the test for harmless error. In so determining the degree of error, a dual inquiry will be applied questioning (1) whether the error was so offensive to the maintenance of a sound judicial system as to require reversal, and (2), if not, was the error harmless beyond a reasonable doubt? See also, *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972). Defendant answers the first question in the negative.

Regarding the second inquiry, our review of the evidence discloses that each element of the charged offense was established beyond a reasonable doubt. Thus, any consideration of other acts of the defendant could not have affected the ultimate determination of guilt. Defendant's contention of reversible error is thus without merit.

Affirmed.