PEOPLE v STROBRIDGE

Docket No. 56815. Submitted June 30, 1983, at Grand Rapids.—Decided August 1, 1983.

Lionel W. Strobridge was convicted of having more than three dogs on his premises without a kennel license, Grandville Municipal Court. He appealed to the Kent Circuit Court. The court, Robert A. Benson, J., denied Strobridge's motion to dismiss and found him guilty as charged. Strobridge appealed by leave granted. *Held:*

1. The existence of a nonconforming use is a valid defense to the violation of the ordinance of which Strobridge was charged. City ordinances pertaining to land use which apply, by their own terms, to only specified zoning districts are subject to the rights of nonconforming users. The circuit court made no finding as to whether Strobridge had established a nonconforming use of the premises. The case should be remanded to the circuit court for the purpose of making findings of fact and conclusions of law as to whether Strobridge had established a nonconforming use.

2. The circuit court did not err in ruling that the city ordinance was a constitutional exercise of the city's police power.

3. The Court of Appeals did not review Strobridge's contention that the ordinance is void because the term "premises" is unconstitutionally vague. Strobridge did not raise that issue in the circuit court. Constitutional challenges to an ordinance may not be raised for the first time on appeal.

4. The defendant's contention that the circuit court convicted him on the basis of potential violations of the ordinance in the future is not supported by the record. The circuit court did not

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 193.
[3] 82 Am Jur 2d, Zoning and Planning § 178.
[4] 16A Am Jur 2d, Constitutional Law § 384.
[5] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 873.

find the defendant guilty in order to deter the defendant from future abuse.

Remanded.

1. TOWNSHIPS — ORDINANCES — PUBLIC HEALTH AND SAFETY.

The Legislature has imparted to townships the power to adopt ordinances regulating the public health, safety and general welfare of persons and property in the township (MCL 41.181; MSA 5.45[1]).

2. MUNICIPAL CORPORATIONS — ORDINANCES — PUBLIC WELFARE.

A city, like a township, has the power to adopt ordinances for the promotion of the public welfare (MCL 117.3[j]; MSA 5.2073[j]).

3. MUNICIPAL CORPORATIONS — REGULATORY ORDINANCES — NONCONFORMING USE.

City ordinances pertaining to land use which apply, by their own terms, to only specified zoning districts are subject to the rights of nonconforming users; an ordinance governing land use, but which is blind to zoning differences, is not subject to the rights of nonconforming users (MCL 125.583a; MSA 5.2933[1]).

4. CONSTITUTIONAL LAW — USE OF PROPERTY — DUE PROCESS — POLICE POWERS.

The full and free use and enjoyment of one's property is a right which may not be restricted by government without due process of law; however, a property owner's right to such unrestricted use is subject to reasonable regulation by the state in the legitimate exercise of its police powers.

5. CONSTITUTIONAL LAW — APPEAL.

Constitutional challenges may not be raised for the first time on appeal even if they are meritorious.

*Varnum, Riddering, Wierengo & Christenson* (by *Matthew D. Zimmerman),* for plaintiff.

*George S. Buth* for defendant.

Before: D. F. WALSH, P.J., and R. M. MAHER and T. ROUMELL,* JJ.

PER CURIAM. Defendant appeals by leave

* Circuit judge, sitting on the Court of Appeals by assignment.

granted from his conviction of keeping more than three dogs on his premises without a kennel license in violation of Grandville ordinances, § 21, No 159-A.

The defendant owns a parcel of land in the City of Grandville. On August 9, 1979, Officer Milton Zaagman, an animal control officer with the Wyoming Police Department, visited defendant and noticed that six adult dogs were present at his residence. The defendant did not have a kennel license. Section 21 of the above-cited ordinance provides in pertinent part that "[n]o person shall keep or allow more than 3 dogs in any premises without having a kennel license". Indeed, the defendant could not have obtained a kennel license since he lived in a residential area. Section 23 of the same ordinance forbids kennel licenses to be issued in any area zoned residential.

Defendant was convicted by a jury of having more than three dogs on his premises without a kennel license in the Grandville Municipal Court on June 25, 1980. Subsequently, he appealed to the circuit court. The defendant moved to dismiss the prosecution on the ground that the ordinance was beyond the police power of Grandville and was, therefore, unconstitutional. The circuit court denied the motion. A bench trial was held on December 1, 1980, at which the defendant appeared *in propria persona*. The defendant had two defenses. First, he maintained that he had a valid nonconforming use of the property prior to the enactment of the ordinance. Second, he argued that, properly construed, the term "premises" as used in the ordinance should not include a leased portion of a parcel of land. Apparently, the defendant, who owned 1.74 acres of land, leased 0.11 acre of that parcel to his son. The defendant and his son then

each kept three dogs on their respective portions of the property. At the conclusion of the trial, the trial court found the defendant guilty. On January 21, 1981, the court imposed on defendant a $75 fine and $25 court costs in addition to six months probation.

I

Defendant argues that the trial court improperly rejected his "nonconforming use" defense to the charge against him. This devolves into two subsidiary issues: (1) is a nonconforming use a valid defense to the violation with which defendant was charged; and (2) did defendant establish that he had a nonconforming use when the ordinance was enacted.

A

Whether the existence of a nonconforming use is a valid defense to a charge of violating an ordinance that affects the use of land was first considered in *Casco Twp v Brame Trucking Co, Inc,* 34 Mich App 466; 191 NW2d 506 (1971). In *Casco,* the defendant was engaged in the removal of sand in order to excavate three lakes on property to be developed into a residential area. The township then enacted an ordinance requiring a permit for the removal of soil. The defendant failed to secure such a permit. Notwithstanding the defendant's use of the property to remove sand prior to the enactment of the ordinance, the trial court concluded that the defendant must obtain a permit because the ordinance was a regulatory and not a zoning ordinance. This Court agreed.

The Court first noted that the Legislature has

imparted to townships the power to "adopt ordinances regulating the public health, safety and general welfare of persons and property" in the township, MCL 41.181; MSA 5.45(1). The Court then concluded that the soil removal ordinance was regulatory because it "purports to be an ordinance in the nature of protecting the public health". 34 Mich App 470. The Court went on to consider whether a regulatory ordinance was subject to the rights of nonconforming users. In concluding that it was not, the Court quoted *Fredal v Forster,* 9 Mich App 215, 229-230; 156 NW2d 606 (1967), which in turn quoted the following language from MCL 125.286; MSA 5.2963(16), since amended, 1978 PA No 637:

"The lawful use of dwelling, building or structure and of land or a premise as existing and lawful at the time of enactment of a zoning ordinance * * * may be continued although the use does not conform with the ordinance or amendment."

In its opinion, the *Casco* Court emphasized the words "zoning ordinance" in the statute, and concluded that only a zoning ordinance is subject to the rights of nonconforming users.

The Court's holding in *Casco,* that a zoning ordinance but not a regulatory ordinance is subject to nonconforming users has been followed by other cases of this Court involving township ordinances. See *Norton Shores v Carr,* 81 Mich App 715; 265 NW2d 802 (1978), *lv den* 403 Mich 812 (1978); *Renne v Waterford Twp,* 73 Mich App 685; 252 NW2d 842 (1977), *lv den* 400 Mich 840 (1977).

The city argues that the city ordinance involved in the present case is a regulatory ordinance and that, consequently, it is not subject to nonconforming users. Citing *Casco,* the city maintains that the

ordinance is regulatory because it is designed to promote the general welfare.

The distinction between zoning and regulatory ordinances enacted by a city cannot be predicated on whether or not the purpose of the ordinance is to promote the general good. A city, like a township, has the power to adopt ordinances for the promotion of the public welfare. MCL 117.3(j); MSA 5.2073(j) requires a city charter to provide for "the public peace and health and for the safety of persons and property". Also, like a township, a city is authorized by statute to establish zoning districts. MCL 125.581; MSA 5.2931. It is important to note, however, that the statute authorizes a city to establish zoning districts as a means to accomplish enumerated goals, one of which is "to promote public health, safety, and welfare". Thus, both a zoning ordinance and a regulatory ordinance may have the common purpose of promoting the public good. The distinction, if any, must be drawn along different lines.

The distinction, in fact, is not important for the resolution of the issue posed by the present case. Instead, the important inquiry is into the proper scope of the statute on nonconforming use that applies to cities. Unlike the analogous provision applying to townships, that statute does not subject only a "zoning ordinance" to nonconforming users. The statute reads in pertinent part:

"The lawful use of land or a structure exactly as the land or structure existed at the time of the enactment of *the ordinance affecting that land or structure,* may be continued, except as otherwise provided in this act, although that use or structure does not conform with the ordinance." MCL 125.583a; MSA 5.2933(1). (Emphasis supplied.)

The emphasized words must be read in the context of the statute as a whole. Essentially, the statute authorizes a city to establish zoning districts and to regulate the use of land and structures within those districts. Thus, the statute contemplates ordinances pertaining to land use which apply, by their own terms, to only specified zoning districts. By contrast, an ordinance governing land use, but which is blind to zoning differences, is not addressed by the statute. We believe that the Legislature intended only the former sort of city ordinance to be subject to the nonconforming use provision.

In the present case, the defendant was charged under the following ordinance:

"KENNEL LICENSE: No person shall keep or allow more than 3 dogs on any premises without having a kennel license, except that the owner of a female dog which has given birth to puppies may keep said female dog and said puppies without obtaining a kennel license for a period of not to exceed 3 months from the date of the birth of the litter."

Grandville ordinances, § 21, No 159-A. As the city acknowledges, § 21 must be read together with § 23 of the ordinance. Section 23 provides in pertinent part:

"ZONING REQUIREMENTS AND KENNEL INSPECTION CERTIFICATE: The City Treasurer shall not issue a kennel license for a kennel under the provisions of this Ordinance for any kennel located in any area zoned for residential use pursuant to the Zoning Ordinance for the City of Grandville * * *."

Read together, these provisions prohibit a person

from obtaining a license to keep more than three dogs on any premises located in an area zoned residential. Since the record reveals that defendant had applied for a license prior to the issuance of the citation in question, which was denied because the property was zoned residential, a prior nonconforming use would be a defense to this prosecution.[1]

## B

The defendant argues that he had established a valid nonconforming use. At the trial in the circuit court, the defendant offered testimony in support of that claim and argued that such use was a defense. The trial court, however, made no finding as to whether defendant had established a nonconforming use. Because such a use is a valid defense to the charge against defendant, we remand to the trial court for the purpose of making findings of fact and conclusions of law as to whether defendant had established a valid nonconforming use.

## II

Defendant next argues that the trial court erred in ruling that the ordinance was a constitutional exercise of the city's police power. The constitutionality of a township ordinance prohibiting the keeping of three or more dogs in certain residential areas was considered in *People v Yeo,* 103

[1] Although defendant must obtain a kennel license under § 21 of the regulatory ordinance, he cannot be denied a license under § 23 of that ordinance because his premises are located in an area zoned residential if he had a valid nonconforming use prior to the adoption of the zoning ordinance. Moreover, if defendant had a valid prior nonconforming use and his otherwise properly submitted application for a kennel license was wrongfully denied because of the residential zoning, he cannot be convicted for failing to obtain a license under § 21 of the regulatory ordinance.

Mich App 418; 302 NW2d 883 (1981), *lv den* 412 Mich 931 (1982). The Court began its analysis with the following discussion of the appropriate constitutional test:

"The full and free use and enjoyment of one's property is a right which may not be restricted by government without due process of law. A property owner's right to such unrestricted use is, however, subject to reasonable regulation by the state in the legitimate exercise of its police powers. [Citation omitted.] And to determine the validity of a particular government proscription, a test measuring 'the existence of a real and substantial relationship' between the exercise of the police powers and the public health, safety, morals and general welfare will be applied. *Grocers Dairy Co v Dep't of Agriculture Director,* 377 Mich 71; 138 NW2d 767 (1966), quoting *Roman Catholic Archbishop of Detroit, supra.* See also *Florentine Ristorante, Inc v City of Grandville,* 88 Mich App 614; 278 NW2d 694 (1979). Finally, we note the oft-applied rule that legislative enactments are cloaked with a presumption of constitutionality absent a contrary showing by competent evidence or facial invalidity." 103 Mich App 421.

After reviewing the case law from other jurisdictions, this Court concluded:

"We find the authorities cited above soundly reasoned regarding the validity of these restrictive ordinances. Plaintiff correctly notes the importance of the regulation herein to preserve for area residents the sanitary and peaceful enjoyment of their property, as well as assuring humane treatment for the animals covered. Defendant's argument that conscientious dog owners would not pose such problems to a residential community does not meet this conclusion. The township's limited incursion on defendant's already qualified property right does not appear unreasonable, in light of the potential detriment to the public health, safety and general welfare resulting from an overabundance of

dogs in certain residential areas." 103 Mich App 423-
424. (Footnote omitted.)

The only significant difference between the ordi-
nance reviewed in *Yeo* and the ordinance in the
present case is that the former is more restrictive
inasmuch as it allows no more than two dogs in a
residential area. If that more restrictive ordinance
is a valid exercise of the police power, the ordi-
nance herein is *a fortiori* within Grandville's po-
lice power. Hence, the trial court did not err in so
holding.

### III

Defendant contends that the ordinance is void
for vagueness. He argues that the term "premises"
is unconstitutionally vague. On October 25, 1978,
the defendant leased 0.11 acres of his property to
his son for $1 consideration. Apparently, defen-
dant then placed three dogs in a pen located on
the leased land, leaving three dogs on the remain-
ing parcel. Defendant now argues that he could
not have reasonably ascertained that the leased
and unleased land taken together constituted one
"premises" instead of two.

For two reasons this issue is not properly before
this Court. First, the defendant did not raise this
issue below. Constitutional challenges may not be
raised for the first time on appeal, *Crawford v
Consumers Power Co,* 108 Mich App 232; 310
NW2d 343 (1981), even if they are meritorious,
*Penner v Seaway Hospital,* 102 Mich App 697; 302
NW2d 285 (1981).

Second, the facts do not support the issue. The
defendant was convicted of violating the statute on
August 9, 1979. On that date, Officer Milton Zaag-
man of the Wyoming Police Department found six

adult dogs in a pen located in an area behind defendant's residence. Thus, the conviction does not rest on reading "premises" to include the entire parcel. Even if the defendant could not have reasonably ascertained that his and his son's leased parcel would be considered as one premises, he cannot and does not argue that he could not have reasonably ascertained that his own residence is one premises under the ordinance.

For these reasons, this Court declines to review defendant's vagueness argument.

## IV

Finally, the defendant complains that the trial court convicted him on the basis of potential violations of the ordinance in the future. At one point in its opinion, the trial court said that "if we accept the defendant's definition of premises, then the defendant could lease even a 10 foot strip of his property on which could be put four, five, or fifty or sixty dogs in the area, if we allowed that type of interpretation." The trial court's hypothetical addressed defendant's construction of the term "premises", a construction that would have permitted the keeping of three dogs on the leased and unleased portions. The trial court did not find defendant guilty in order to deter the defendant from future abuse. In short, the defendant's contention is not supported by the record.

Remanded.