## JAMENS v AVON TOWNSHIP (ON REMAND)

1. ZONING—REASONABLENESS—GOVERNMENTAL INTEREST—REQUESTED CHANGE OF CLASSIFICATION.

   The correct test for judicial review of requested zoning changes is that the plaintiff requesting rezoning must show: first, that there is no reasonable governmental interest being advanced by the present zoning classification itself, or, second, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.

2. ZONING—ORDINANCES—PRESUMPTION OF VALIDITY.

   A zoning ordinance comes to a court clothed with every presumption of validity.

3. ZONING—ORDINANCES—BURDEN OF PROOF—REASONABLENESS.

   It is the burden of the party attacking a zoning ordinance to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property; it must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.

4. ZONING—ORDINANCES—REASONABLENESS.

   An aggrieved property owner to sustain an attack on a zoning ordinance must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 82 Am Jur 2d, Zoning and Planning §§ 31, 32.
   Motive of members of municipal authority approving or adopting zoning ordinance or regulation as affecting its validity. 71 ALR2d 568.
[2, 3] 82 Am Jur 2d, Zoning and Planning § 25.
[3, 6] 82 Am Jur 2d, Zoning and Planning §§ 27–30.
[4, 6] 82 Am Jur 2d, Zoning and Planning §§ 344, 345.
   Standing of lot owner to challenge validity or regularity of zoning changes dealing with neighboring property. 37 ALR2d 1143.
[5] 82 Am Jur 2d, Zoning and Planning §§ 356–358.

5. Appeal and Error—Equity—Findings of Trial Judge—De Novo
      Review.

 An appellate court is inclined to give considerable weight to the
      findings of the trial judge in equity cases, although such cases
      are heard *de novo* on appeal.

6. Zoning—Ordinances—Burden of Proof.

 Plaintiffs who challenged the validity of a zoning ordinance which
      restricted the use of their land to single-family residences,
      whereas the plaintiffs wished to use the land for a sanitary
      landfill, failed to satisfy their burden of proving that if the
      ordinance is enforced the restrictions on their property pre-
      clude its use for any purposes to which it is reasonably adapted
      where the defendant township presented three feasible alterna-
      tives for residential construction, and the plaintiffs failed to
      show by a preponderance of the evidence that significant dump-
      ing already covered more than a small portion of the land.

Appeal from Oakland, Richard D. Kuhn, J. Sub-
mitted June 3, 1977, at Lansing. (Docket No. 77-
1959.) Decided July 26, 1977.

Complaint by William H. Jamens, Roman Ha-
lanski, Arthur J. Hill, Louise A. Hill, Arthur J.
Hill, Jr., and Thomas R. Hill against the Township
of Avon for injunctive relief, seeking to prevent
the township from interfering with plaintiffs' use
of their land as a landfill. Injunction granted.
Defendant appealed. Remanded for further pro-
ceedings, 71 Mich App 70 (1976). Defendant sought
leave to appeal in the Supreme Court, which, in
lieu of granting leave, remanded to the Court of
Appeals for reconsideration, 399 Mich 894 (1977).
On reconsideration, the trial court is reversed, and
the cause remanded with instructions.

*Alspector, Sosin, Mittenthal & Barson, P. C.,* for
plaintiffs.

*Patterson, Patterson, Whitfield, Manikoff &
White* (by *Lawrence R. Ternan),* for defendant.

Before: R. M. MAHER, P. J., and D. C. RILEY and
R. M. RYAN,* JJ.

## On Remand

PER CURIAM. A recent change in the law of
zoning brings the present case for our reappraisal.
In *Jamens v Avon Twp,* 71 Mich App 70; 246
NW2d 410 (1976), this panel, applying then con-
trolling standards, affirmed a finding of the lower
court holding defendant's residential zoning classi-
fication unconstitutional as ·applied to plaintiffs'
property. We remanded the case, however, to per-
mit the lower court an opportunity to particularize
its factual findings under the Environmental Pro-
tection Act (EPA), MCLA 691.1201 *et seq.;* MSA
14.528(201) *et seq.* and GCR 1963, 517.1. Prior to
the remand, our Supreme Court issued *Kirk v
Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976),
and later ordered us to reconsider *Jamens* in light
of *Kirk.* 399 Mich 894 (Order of April 29, 1977).
We comply.

*Kirk* resurrected a line of cases culminating in
*Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d
179 (1974). Interpreting *Kropf* and· its forebears,
the Court in *Kirk* summarized two principles and
four rules applicable in zoning disputes:

"The principles and tests to use to determine whether
the present zoning of plaintiffs' property is valid [were]
detailed in *Kropf.*

"The important principles require that for an ordi-
nance to be successfully challenged plaintiffs prove:

" '[F]irst, that there is no reasonable governmental
interest being advanced by the present zoning classifica-
tion itself * * * or

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

" '[S]econdly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.' 391 Mich 139, 158.

"The four rules for applying these principles were also outlined in *Kropf*. They are:

"1. ' "[T]he ordinance comes to us clothed with every presumption of validity." ' 391 Mich 139, 162, quoting from *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957).

"2. ' "[I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property * * * . It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness." ' 391 Mich 139, 162, quoting *Brae Burn, Inc.*

"3. 'Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted.' 391 Mich 139, 162–163.

"4. ' "This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases." ' 391 Mich 139, 163, quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962)." 398 Mich at 439–440.

Having applied these standards, and having fulfilled our duty of *de novo* review, *Biske v City of Troy,* 381 Mich 611; 166 NW2d 453 (1969), *Kropf, supra,* at 152, we hold that plaintiffs have failed to satisfy the burden of proving "that if the ordinance is enforced the consequent restrictions on [their] property preclude its use for any purposes to which it is reasonably adapted".

Our reading of the record suggests that defendant presented three feasible alternatives for residential construction on the parcel and that plain-

tiffs failed to show by preponderating evidence that significant dumping covered more than the northeastern six acres of the property.

While we accord due weight to the trial judge's personal view of the property, we note that his visit could only take account of superficial dumping and that the nontestimonial evidence—soil bores performed in 1969—found refuse in only three of eight samples tested. Unlike the trial court, we cannot presume the property is checkered with refuse where the bulk of the evidence confined the dumping to the northeastern quadrant. Nor can we relieve plaintiffs of the burden of proving their case.

Accordingly, the lower court is directed to dissolve its injunction and dismiss plaintiffs' suit. Reversed and remanded for proceedings consonant with this opinion.

Costs to defendant.

Judge RYAN did not participate on this remand.