CITY OF FERNDALE v EALAND (ON REMAND)

Docket No. 45547. Submitted December 12, 1978, at Detroit.—Decided August 21, 1979. Leave to appeal applied for.

The City of Ferndale brought an action against Herbert Ealand, Studio North Theatre Corp., the Studio North Theatre, Ross Cacavale, Edward L. Schuman, James D. Llewellyn and Stuart Gorelick, the owners and operators of the Studio North Theatre, alleging that the theatre, by showing the film "Naked Came the Stranger", was operating in violation of a city zoning ordinance regarding adult motion picture theatres and was, therefore, a nuisance per se subject to abatement. The Oakland Circuit Court, Steven N. Andrews, J., granted the defendants' motion to dismiss for failure to make out a prima facie case. Thereafter, on stipulation of the parties, the trial court agreed to reopen the case for the purpose of deciding the constitutionality of the portions of the ordinance dealing with adult motion picture theatres. The court found the ordinance unconstitutional. The plaintiff appealed. The Court of Appeals held that 1) the admissions of the defendants regarding the showing of the film did not constitute an admission of a violation of the ordinance, 2) the trial court's failure to admit the testimony of police officers regarding the contents of the film was error, and 3) the constitutionality of the ordinance was not ripe for decision. The Court of Appeals reversed the judgment of the trial court and remanded the matter for trial, 88 Mich App 197 (1979).

The defendants sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration of the constitutional question. 406 Mich 963 (1979). *Held:*

The provisions in the ordinance in question have the effect of suppressing, or greatly restricting access to, free speech. The City of Ferndale has failed to show that the city has a compel-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Zoning and Planning §§ 25-32.
  Exclusionary zoning. 48 ALR2d 1210.
[2] 82 Am Jur 2d, Zoning and Planning § 14.
[3] 82 Am Jur 2d, Zoning and Planning § 122.

ling state interest in regulating adult entertainment facilities which outweighs the infringement on free speech. The ordinance is invalid under the equal protection clause and may not stand.

Affirmed.

1. ZONING — ORDINANCES — PRESUMPTION OF VALIDITY.

A zoning ordinance comes clothed with every presumption of validity.

2. ZONING — ORDINANCES — CONSTITUTIONAL LAW — EXCLUSION OF USE — EQUAL PROTECTION.

A zoning ordinance which completely excludes a constitutionally recognized use is inherently suspect on equal protection grounds.

3. ZONING — ORDINANCES — CONSTITUTIONAL LAW — COMPELLING STATE INTEREST — FREE SPEECH — EQUAL PROTECTION.

A zoning ordinance which has the effect of suppressing, or greatly restricting access to, lawful speech is an unreasonable restriction on a constitutionally protected use which is a denial of equal protection of the law unless the zoning authority can show a compelling state interest which outweighs the infringement on free speech.

*Katsoulos & Gillis* and *Robert J. Turner,* for plaintiff.

*Taylor & Rubin,* for defendants.

Before: DANHOF, C.J., and R. M. MAHER and D. C. RILEY, JJ.

ON REMAND

R. M. MAHER, J. This case is before us on remand from the Supreme Court for consideration of an issue not decided in our previous opinion, 406 Mich 963 (1979). In *Ferndale v Ealand,* 88 Mich App 107; 276 NW2d 534 (1979), we reversed the trial court's dismissal of plaintiff's nuisance complaint against defendants and remanded for a new trial. Because the trial court had refused to abate

the operation of defendants' theater as a nuisance under plaintiff's zoning ordinance, we found that defendants had no standing to challenge the constitutionality of that ordinance and that the trial court erred in deciding the issue. For these reasons, we declined to reach the constitutional issue. Defendants applied for leave to appeal to the Supreme Court and that Court, in lieu of granting leave, remanded the case to this Court for consideration of the constitutional question.

Defendants allege, and the trial court found, that subsections (C) and (D) of Ferndale Ordinances, No. 610, § 24.01, constituted an unreasonable restriction on a constitutionally protected use and therefore denied defendants equal protection of the law. We agree, and affirm the trial court.

Subsection (C) of § 24.01 prohibits establishment of, *inter alia,* any adult motion picture theater (as defined in the ordinance) "within 1000 feet of any building containing a residential, dwelling or rooming unit". Subsection (D) requires that adult motion picture theaters be established only in areas zoned C-2, General Business. Subsection (C) provides that the 1000-foot requirement may be waived by the Board of Zoning Appeals if 51% of persons "owning, residing or doing business" within a radius of 1000 feet approve the proposed use by signing a petition.[1] Plaintiff's building in-

---

[1] The text of relevant portions of the ordinance is as follows:

"(C) It shall be unlawful to hereafter establish any adult book store, adult motion picture theatre, adult mini motion picture theatre within 1,000 feet of any building containing a residential, dwelling or rooming unit. This prohibition may be waived if the person applying for the waiver shall file with the Board of Zoning Appeals a petition which indicates approval of the proposed regulated use by 51% of the persons owning, residing or doing business within a radius of 1,000 feet of the location of the proposed use. The petitioner shall attempt to contact all eligible locations within this radius and must maintain a list of all addresses at which no contact was made. A minimum of

spector testified at trial that no location meeting the requirements of subsections (C) and (D) exists in the City of Ferndale.

The trial court applied the well-established principles enunciated in *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974): (1) The ordinance comes clothed with every presumption of validity and (2) an ordinance which completely excludes a constitutionally-recognized use is inherently suspect on equal protection grounds.[2] The court also relied on *Roman Catholic Archbishop of Detroit v Orchard Lake,* 333 Mich 389; 53 NW2d 308 (1952), in which the Supreme Court held that the presumption of validity would not sustain an ordinance which virtually excluded churches from the entire community. Noting that the case at bar involves infringement of the First Amendment[3] right of freedom of speech, the court found the ordinance represented an unreasonable restriction on defendant's rights and was therefore invalid.

---

150 responses is required. In the event that the 1,000 foot radius is not sufficiently populated to provide 150 residences and/or business places eligible to respond, the radius will be increased in increments of 100 feet until there shall be an area large enough to contain 150 eligible residences and/or business places.

"The Board of Zoning Appeals shall adopt rules and regulations governing the procedure for securing the petition of consent provided for in this Section of the Ordinance. The rules shall provide that the circulator of the petition requesting a waiver shall subscribe to an affidavit attesting to the fact that the petition was circulated in accordance with the rules of the Board of Zoning Appeals and that the circulator personally witnessed the signatures on the petition and that the same were affixed to the petition by the person whose name appeared thereon.

"This Board of Zoning Appeals shall not consider the waiver of the locational requirements until the above described petition shall have been filed and verified.

"(D) It shall be unlawful to hereafter establish any adult book store, adult motion picture theatre, adult mini motion picture theatre in other than a C-2 General Business Zone."

[2] We note that the *Kropf* principles have recently been reaffirmed by the Supreme Court, *Ed Zaagman, Inc v Kentwood,* 406 Mich 137; 277 NW2d 475 (1979).

[3] US Const, Am I.

We note, as did the trial court, that both the Michigan and United States Supreme Courts have recently approved the use of zoning and licensing ordinances to regulate exhibitions of "adult entertainment". *Young v American Mini Theatres, Inc,* 427 US 50; 96 S Ct 2440; 49 L Ed 2d 310 (1976), *People v Llewellyn,* 401 Mich 314; 257 NW2d 902 (1977). In *Young, supra,* the United States Supreme Court weighed the interest of the City of Detroit in preserving the character of neighborhoods and preventing the spread of urban blight against the restrictions on free speech resulting from a zoning ordinance limiting the location of adult entertainment establishments and concluded that the slight infringement on free speech was outweighed by the city's interest in preserving the quality of life within its borders. In a footnote, however, the Court added a caveat:

*"The situation would be quite different if the ordinance had the effect of suppressing, or greatly restricting access to, lawful speech.* Here, however, the District Court specifically found that '[t]he Ordinances do not affect the operation of existing establishments but only the location of new ones. *There are myriad locations in the City of Detroit which must be over 1000 feet from existing regulated establishments. This burden on First Amendment rights is slight.'* 373 F Supp, at 370." 427 US at 71-72, fn 35.[4] (Emphasis added.)

In contrast to the provision which the Court found acceptable in *Young, supra,* the provisions before us in this case do, in fact, have "the effect of suppressing, or greatly restricting access to, lawful speech". The provisions challenged in this case are similar to that portion of the Detroit

---

[4] The ordinance provision before the Supreme Court in *Young* prohibited establishment of an adult entertainment establishment within 1000 feet of another such use.

zoning ordinance struck down by the Federal District Court in *Nortown Theatre, Inc v Gribbs,* 373 F Supp 363 (ED Mich, 1974), *aff'd sub nom Young v American Mini Theatres, Inc,* 427 US 50; 96 S Ct 2440; 49 L Ed 2d 310 (1976).[5] The Detroit ordinance prohibited establishment of an adult entertainment use within 500 feet of a residence or rooming unit, with a waiver provision similar to that in the Ferndale ordinance. The District Court, applying the compelling state interest test because of the infringement on a First Amendment right, weighed the benefit to the city against the detriment to defendants, and concluded:

"[W]here only a single dwelling or rooming unit is involved, we fail to see how the prohibition of the Ordinance affords any protection whatsoever to a neighborhood or residential area. We must weigh this imperceptible benefit to the City's stated interest against the severe impact imposed by the Ordinance on the Plaintiffs. No area of the City is specifically set aside or designated for the regulated uses. There are few, if any, locations other than industrial areas and the downtown commercial area of Detroit where there is not a single dwelling or living unit within 500 feet. Thus, the effect of the restriction is an almost total ban on uses conceded by the Defendants to be lawful. While such an extreme effect might not render the restriction invalid under the equal protection clause if the City had demonstrated that its compelling interest was promoted thereby, no such showing has here been made. We conclude that the 500-foot restriction is not necessary to promote any expressed compelling State interest and is therefore invalid under the equal protection clause." 373 F Supp, at 369-370 (Footnote omitted.)

We find the reasoning of the District Court in

_____

[5] The portion of the District Court's opinion which struck down provisions similar to those before us in this case was never appealed. The Supreme Court opinion in *Young* does not, as a consequence, deal with the issue before us now.

*Nortown Theatres, supra,* persuasive, and expressly adopt it.

We find unpersuasive plaintiff's argument that the waiver provision contained in subsection (C) is sufficient to render the ordinance constitutionally permissible. Even granting that the waiver provision requires the Zoning Board of Appeals to grant a variance—which is by no means clear from the language of the ordinance—the Ferndale ordinance is even more restrictive than the Detroit ordinance which was struck down in *Nortown Theatres, supra.* Plaintiff herein has failed to show that Ferndale has a more compelling interest than Detroit in regulating adult entertainment facilities.[6] We therefore conclude that the Ferndale ordinance is invalid under the equal protection clause and may not stand.

The judgment of the trial court striking down the ordinance is therefore affirmed. No costs.

---

[6] Plaintiff argues in its brief on appeal that the fact that Ferndale is much smaller than Detroit means that the impact of adult entertainment establishments upon Ferndale would be much greater than the impact upon Detroit. Plaintiff points to no evidence presented below to support such an assumption.